■ In the Matter of MARGARET KING, Respondent, v KEVIN N. KING, Appellant. [698 NYS2d 906] —In a custody/visitation proceeding pursuant to the Family Court Act article 6, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Westchester County (Cooney, J.), dated April 21, 1999, as denied that branch of his motion which was to dismiss that branch of the petition which was for a change of visitation, on the ground of res judicata and claim preclusion, and granted those branches of the petition which were for a new forensic evaluation of the father and the parties' child and to relieve the Law Guardian, and (2) an order of the same court entered June 8, 1999, as, in effect, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 21, 1999, is dismissed, as that order was superseded by the order entered June 8, 1999, made upon reargument; and it is further,

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal the order entered June 8, 1999, is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered June 8, 1999, is reversed insofar as appealed from, on the law and as a matter of discretion, the order dated April 21, 1999, is vacated, that branch of the appellant's motion which was to dismiss that branch of the petition which was for a change of visitation is granted, those branches of the petition which were for a new forensic evaluation of the father and the parties' child and to relieve the Law Guardian are denied; and it is further,

Ordered that the father is awarded one bill of costs.

It is well established that to modify of an order of visitation, there must be a material change of circumstances (*see,* Family Ct Act § 467 [b]; *Matter of Vistocci v Seebeck,* 244 AD2d 414; *Matter of Cinquemani v Guarino,* 243 AD2d 562; *Matter of Induddi v Moore,* 214 AD2d 616; *Matter of Brocher v Brocher,*

213 AD2d 544). The mother did not allege any reason to justify a reconsideration of the visitation order inasmuch as no material change in circumstances was present (*see, Matter of Induddi v Moore, supra*; *Matter of Brocher v Brocher, supra*). Rather, the mother sought to relitigate old allegations and issues previously adjudicated by the Family Court in numerous prior proceedings concerning the issues of custody and visitation. Further, given the lengthy history and full record of these proceedings, there was no basis for the Family Court to direct new forensic evaluations of the father and the parties' child.

There was no evidence that the Law Guardian had a conflict of interest or had failed to diligently represent the best interests of the parties' child (*see, Matter of Petkovsek v Snyder*, 251 AD2d 1086; *Matter of Zirkind v Zirkind*, 218 AD2d 745; *Matter of H. Children*, 160 Misc 2d 298). Thus, the court improvidently exercised its discretion in granting that branch of the petition which was to relieve the Law Guardian from further representing the parties' child (*see, Matter of Fredrick MM.*, 201 AD2d 842). O'Brien, J. P., Ritter, Santucci and Altman, JJ., concur.