■ In the Matter of WENDY HANEHAN, Respondent, v BRIAN HANEHAN, Appellant. (And Five Other Related Proceedings.) [778 NYS2d 539]—

Crew III, J. Appeals (1) from an order of the Family Court of Saratoga County (Abramson, J.), entered November 1, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection on behalf of herself and the parties' children, and (2) from an order of said court, entered April 7, 2003, which, in proceedings pursuant to Family Ct Act article 8, continued portions of prior orders of protection.

The history underlying this protracted and acrimonious custody battle is more fully set forth in our prior decisions in this matter (270 AD2d 560 [2000]; 260 AD2d 685 [1999]). Briefly, the parties are the biological parents of two children, born in 1993 and 1995. By order entered August 16, 1996, petitioner was granted sole custody of the children and respondent was awarded specific periods of visitation. Numerous modification and violation petitions ensued, culminating in the proceedings now before us, which center in large measure upon the children's athletic activities and the extent of respondent's involvement therewith.

A four-day trial began in June 2002, with Family Court receiving testimony regarding petitioner's request for a decrease in respondent's visitation and the issue of whether respondent had violated prior court orders regarding the children's athletic activities. During the course of those proceedings, respondent was jailed briefly due to contempt. The trial concluded in September 2002, with the expectation that a written decision would be forthcoming within 30 days. Approximately two weeks later, however, petitioner filed a family offense petition against respondent alleging, inter alia, that respondent was in violation of the court's bench decision regarding corporal punishment. Respondent then filed a family offense petition against petitioner, contending, inter alia, that she was emotionally abusing the children. Additional court proceedings ensued, including a second *Lincoln* hearing.

Thereafter, by order entered November 1, 2002, Family Court issued an order of protection in favor of petitioner and the children, suspending respondent's visitation pending further order of the court. Family Court also issued an order of protection in favor of respondent, directing that petitioner refrain from, inter alia, assaulting, stalking and/or harassing respondent. Family

Court then issued a written decision in this matter and, by order entered April 7, 2003, continued those portions of the prior order of protection suspending respondent's visitation with the children until October 30, 2003 and barring him from coaching any of the children's athletic activities. These appeals by respondent ensued.

We affirm. The various arguments advanced by respondent do not warrant extended discussion. Preliminarily, the order of protection from which respondent appeals expired by its own terms on October 30, 2003 and, hence, his appeal in this regard is moot. As to respondent's appeal from Family Court's resulting decision and order, we find no merit to respondent's contention that Family Court treated him unfairly. The case law makes clear that "[a] litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants" (*Sloninski v Weston*, 232 AD2d 913, 914 [1996], *lv denied* 89 NY2d 809 [1997]). To the extent that respondent, who plainly is no stranger to Family Court litigation, perceives that the court may at times have expressed a certain impatience, even a cursory review of the record reveals that Family Court afforded respondent wide latitude in presenting his case and, indeed, went out of its way to ensure that respondent had every opportunity to express his viewpoint and present relevant testimony. Notably, the latitude accorded respondent in these proceedings at times extended to Family Court's sua sponte reconsideration of its prior rulings. Under such circumstances, it simply cannot be said that Family Court was biased or treated respondent unfairly.

We reach a similar conclusion regarding respondent's critique of the Law Guardian's performance. The mere fact that the Law Guardian did not adopt a position that was favorable to respondent does not demonstrate bias. The role of a law guardian is to be an advocate for and represent the best interests of the children, not the parents.

Finally, we find no merit to respondent's contention that he was denied due process with regard to the family offense petition brought against him. Family Court conducted a two-day hearing in this regard, during the course of which respondent was given an opportunity to respond to the petition and raise any relevant arguments or defenses and, additionally, conducted a second *Lincoln* hearing with the children. Respondent's remaining arguments, including his assertion that Family Court ignored the testimony offered by his witnesses and/or improperly credited the testimony of petitioner and her witnesses, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the appeal from the order entered November 1, 2002 is dismissed, as moot, without costs. Ordered that the order entered April 7, 2003 is affirmed, without costs.