■ In the Matter of BRITTANY W., an Infant. EILEEN HORN, Respondent; COUNTY OF ROCKLAND, Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of BRITTANY W., an Infant. CINDY CONKLIN, Appellant; COUNTY OF ROCKLAND, Respondent, et al., Respondent. (Proceeding No. 2.) [806 NYS2d 426]—

In related child custody proceedings pursuant to Family Court Act article 6, Cindy Conklin appeals from an order of the Family Court, Rockland County (Warren, J.), dated November 23, 2004, which, after a hearing, denied her petition and awarded Eileen Horn permanent custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, "[t]here was no evidence that the Law Guardian had a conflict of interest or had failed to diligently represent the best interests of the . . . child" (*Matter of King v King*, 266 AD2d 546, 547 [1999]; *see also* Family Ct Act § 241). The Law Guardian did not show bias against the appellant during the course of the proceedings because she adopted a position favoring the child's current and almost exclusive custodial placement with the petitioner in Proceeding No. 1, Eileen Horn. The role of the Law Guardian is to be an advocate for and represent the best interests of the child, not the parents (*see Matter of Hanehan v Hanehan*, 8 AD3d 712 [2004]). Further, the Family Court's determination that it would be in the child's best interest that custody remain with Horn is supported by the record (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]; *Matter of Kurtis v Ballou*, 33 AD2d 1034 [1970]).

Conklin's remaining contention is unpreserved for appellate review. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.