In the Matter of JASON A.C., Appellant, v LISA A.C., Respondent. (Appeal No. 1.) [815 NYS2d 837]—

Appeal from an order of the Family Court, Livingston County (Ronald A. Cicoria, J.), entered August 16, 2004 in a proceeding pursuant to Family Court Act article 6. The order denied the amended petition seeking, inter alia, to modify a prior order entered April 17, 2003 denying petitioner visitation with his daughter and denied petitioner's motion for a change of venue and recusal.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly denied the amended petition seeking, inter alia, to modify a prior order in which the court denied petitioner visitation with his daughter at the correctional facility where he is incarcerated. The court properly determined that petitioner did not allege a sufficient change in circumstances warranting modification of the prior order and thus properly denied petitioner's request for that relief without conducting a hearing (see Family Ct Act § 652 [b] [ii]; Matter of Neth v Sherman, 21 AD3d 1368, 1369 [2005], lv denied 6 NY3d 705 [2006]; Matter of Darla N. v Christine N. [appeal No. 2], 289 AD2d 1012 [2001]; cf. Matter of Gutkaiss v Leahy, 262 AD2d 681, 682 [1999]). Moreover, petitioner was not entitled to a change of venue because, "by choosing the venue[,] petitioner waived any objection to it" (Matter of Michelle A.S. v Samuel G.F., 27 AD3d 1189, 1190 [2006]; see generally Matter of Grune v Grenis, 171 AD2d 1070 [1991]). Contrary to the further contention of petitioner, the court properly refused to replace the Law Guardian based on the Law Guardian's alleged bias against him. The fact that the Law Guardian adopted a position unfavorable to petitioner during prior proceedings does not establish bias on the part of the Law Guardian, whose role "is to be an advocate for and represent the best interests of the child, not the parents" (Matter of Brittany W., 25 AD3d 560, 560 [2006]; see Matter of Hanehan v Hanehan, 8 AD3d 712, 714 [2004]). Finally, petitioner established no basis for mandatory disqualification or recusal (see Judiciary Law § 14; 22 NYCRR

100.3 [E] [1]), and petitioner's "allegations of bias are 'too speculative to warrant the conclusion that the court abused its discretion in refusing to recuse itself here' " (*Rochester Community Individual Practice Assn. v Excellus Health Plan* [appeal No. 2], 305 AD2d 1007, 1008 [2003], *lv dismissed* 1 NY3d 546 [2003], quoting *Matter of Rumsey v Niebel*, 286 AD2d 564, 565 [2001]; *see generally Matter of Angie M.P.*, 291 AD2d 932, 932-933 [2002], *lv denied* 98 NY2d 602 [2002]). Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.