■ In the Matter of SEAN A. ECHOLS, Appellant, v ELLEN WEINER, Respondent. [848 NYS2d 313]—

In a proceeding pursuant to Family Court Act article 6, inter alia, to modify the visitation provisions of an order of the Family Court, Westchester County (Edlitz, J.), dated June 30, 2006, the father appeals from an order of the same court entered February 9, 2007, which, after a hearing, denied that branch of his petition which was for increased visitation during the subject child's school vacations.

Ordered that the order is affirmed, without costs or disbursements.

A visitation order may be modified upon a showing of a subsequent change of circumstances and that modification is required (*see* Family Ct Act § 467 [b] [ii]; *Matter of Sullivan v Sullivan*, 40 AD3d 865, 866 [2007]; *Matter of Manos v Manos*, 282 AD2d 749 [2001]). Here, no change in circumstances occurred which would warrant increasing the liberal visitation already afforded to the father. The most important factor to be considered in adjudicating visitation rights is the best interests of the child (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 381 [2004]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Messinger v Messinger*, 16 AD3d 562, 563 [2005]). The record supports the Family Court's determination that the father failed to demonstrate that a modification of the visitation schedule was in the subject child's best interests (*see Matter of Sullivan v Sullivan*, 40 AD3d 865 [2007]; *Messinger v Messinger*, 16 AD3d at 563).

There was no evidence that the Law Guardian had a conflict of interest or failed to diligently represent the best interests of the parties' child (*see Matter of Brittany W.*, 25 AD3d 560 [2006]; *Matter of King v King*, 266 AD2d 546, 547 [1999]). Miller, J.P., Ritter, Florio and Dillon, JJ., concur.