■ In the Matter of LORRAINE ABEIDO, Respondent, v MOHSEN ABEIDO, Appellant. [863 NYS2d 64]—In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Henry, J.), dated June 29, 2007, which denied his motion to vacate an order of the same court dated November 14, 2006, which, upon the consent of both parties, awarded custody of the parties' child to the mother.

Ordered that the order is affirmed, with costs.

An oral stipulation entered into by the parties in "open court" is binding (CPLR 2104; *see Sontag v Sontag,* 114 AD2d 892 [1985]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Sontag v Sontag,* 114 AD2d at 893). Here, the mother and father agreed to the order of custody in open court. The Supreme Court specifically informed the father, who was represented by counsel, that the order of custody would be final. The father acknowledged that he was agreeing to it voluntarily. Therefore, the Supreme Court properly denied the father's motion to vacate the order of custody (*cf. Matter of Stefanik v Roberts,* 266 AD2d 758 [1999]). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.