█ In the Matter of CARL A. GUTZMER, Appellant, v MYRIAM L. SANTINI, Respondent. [874 NYS2d 922]—Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 1, 2008 in a proceeding pursuant to Family Court Act article 6. The order denied the motion of petitioner to vacate an order dismissing two of his petitions and seeking recusal.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order denying his motion seeking to vacate a prior order dismissing two of his petitions and seeking recusal. We affirm. Family Court properly denied that part of the motion to vacate the prior order because that order was entered upon stipulation of the parties, and the record belies the contention of the father that he did not understand the consequences of his agreement to withdraw his petitions (*see generally Matter of Abeido v Abeido*, 54 AD3d 330 [2008], *lv dismissed* 11 NY3d 846 [2008]; *Sontag v Sontag*, 114 AD2d 892, 893 [1985], *lv dismissed* 66 NY2d 554 [1986]). Contrary to the further contention of the father, the court properly denied that part of his motion seeking recusal. The father failed to allege any basis for mandatory disqualification or recusal (*see* Judiciary Law § 14; 22 NYCRR 100.3 [E] [1]), and we conclude that the court did not abuse its discretion in refusing to recuse itself (*see Matter of Jason A.C. v Lisa A.C.*, 30 AD3d 1110 [2006]; *see also Matter of Steven Glenn R.*, 51 AD3d 802 [2008]). Indeed, the record establishes that the court has accommodated the father, particularly in view of the fact that it did not exercise its discretion to direct the father to obtain leave of the court before filing or refiling any more petitions (*see Matter of Simpson v Ptaszynska*, 41 AD3d 607 [2007]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]). Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.