■ In the Matter of DANIEL LUIZZI, Appellant, v SUSAN COLLINS, Respondent. [877 NYS2d 346]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Sweeney, J.), entered December 31, 2007, which, after a hearing, dismissed his petition for a change of custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

"The court's primary concern in making a determination

regarding custody or visitation is the best interests of the child" (*Matter of Kilstein v MacDowell,* 226 AD2d 727 [1996]; *see Matter of Lichtenfeld v Lichtenfeld,* 41 AD3d 849, 849 [2007]). "To formulate a sound basis for its action, the court should seek the expertise of other professionals and ascertain the wishes of the children, particularly where they are of a sufficient age to articulate their needs and preferences to the court" (*Matter of Kilstein v MacDowell,* 226 AD2d at 727). Here, the Family Court has conducted at least two sets of hearings over the course of several years and heard from numerous nonparty witnesses. The court ordered and reviewed forensic analyses and it ascertained the wishes of the teenage children. Contrary to the father's contention, the Family Court's determination has a sound and substantial basis in the record and it should not be disturbed (*id.*).

Moreover, "[t]he mere fact that the [attorney for the children] did not adopt a position that was favorable to [the father] does not demonstrate bias" (*Matter of Hanehan v Hanehan,* 8 AD3d 712, 714 [2004]). "The role of the [attorney for the children] is to be an advocate for and represent the best interests of the child[ren], not the parents" (*Matter of Brittany W.,* 25 AD3d 560 [2006]; *see Matter of Hanehan,* 8 AD3d at 714). Contrary to the father's contention, the attorney for the children took an active role in the proceedings and adequately represented the children's interests (*see Matter of Echols v Weiner,* 46 AD3d 825 [2007]; *Matter of West v Turner,* 38 AD3d 673, 674 [2007]; *Matter of King v King,* 266 AD2d 546, 547 [1999]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.