■ JOLLY CAPLASH, Respondent, v ROCHESTER ORAL & MAXIL- LOFACIAL SURGERY ASSOCIATES, LLC, et al., Appellants. (Appeal No. 1.) [881 NYS2d 270]—

Appeals from an amended order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 3, 2008. The amended order, among other things, denied defendant Mohammed Salahuddin's motion for summary judgment.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: When this case was before us on a prior appeal, we determined that Supreme Court "erred in summarily granting plaintiff's cross motion for, inter alia, dissolution of [defendant Rochester Oral & Maxillofacial Surgery Associates, LLC (hereafter, company)] pursuant to Limited Liability Company Law § 702" (*Caplash v Rochester Oral & Maxillofacial Surgery Assoc., LLC*, 48 AD3d 1139, 1140 [2008]). We concluded

that "plaintiff met his burden on the cross motion by establishing that it was not reasonably practicable to carry on the business in conformity with the operating agreement [but] that there [was] an issue of fact whether plaintiff has standing to seek dissolution" of the company, and we remitted the matter to Supreme Court for a hearing on that issue (*id.* at 1140-1141). On remittal, the court decided the standing issue in plaintiff's favor, and the court also granted plaintiff's cross motion for summary judgment dissolving the company (*Caplash v Rochester Oral & Maxillofacial Surgery Assoc., LLC*, 20 Misc 3d 1104[A], 2008 NY Slip Op 51216[U] [2008]).

In appeal No. 1, defendant Mohammed Salahuddin, a co-equal member of the company with plaintiff, contends that the court upon remittal erred in denying his motion for summary judgment determining that plaintiff lacked standing to seek dissolution of the company and in searching the record and dismissing the company's counterclaims, thus granting relief not sought by plaintiff. The company, as limited by its brief, contends on appeal that the court erred in dismissing its second counterclaim against plaintiff, alleging plaintiff's misuse of a company credit card, and in denying that part of its cross motion for injunctive relief, seeking to enforce plaintiff's covenant not to compete with the company.

In appeal No. 2, Salahuddin and the company contend that the court erred in determining that "the standing issue is resolved in [plaintiff's] favor" and in granting plaintiff's cross motion for summary judgment seeking a determination dissolving the company (2008 NY Slip Op 51216[U], *12). In appeal No. 3, Salahuddin contends that the court erred in denying his motion seeking recusal of the court.

We conclude with respect to appeal No. 1 that the court properly denied the motion of Salahuddin for summary judgment determining that plaintiff lacked standing to seek dissolution of the company. That motion was made during a recess in a hearing on the issue of standing that the court was conducting in accordance with our remittal directive. At that juncture, summary disposition of the standing issue would have been patently inappropriate inasmuch as plaintiff had not yet concluded his presentation of evidence at the hearing and thus would have been prevented from potentially obtaining a ruling in his favor on that issue (*see generally Greenbaum v Hershman*, 31 AD3d 607 [2006]; *cf.* CPLR 4401).

We further conclude with respect to appeal No. 1 that the court properly dismissed the company's counterclaim alleging plaintiff's misuse of a company credit card. " '[W]here there are

only two stockholders each with a 50% share, an action [or counterclaim] cannot be maintained in the name of the corporation by one stockholder against another with an equal interest and degree of control over corporate affairs; the proper remedy is a stockholder's derivative action' " (*Stone v Frederick*, 245 AD2d 742, 744-745 [1997]).

With respect to appeal No. 2, we conclude that the court did not err in concluding that plaintiff has standing to seek dissolution pursuant to Limited Liability Company Law § 702 (*see generally Matter of Roller [W.R.S.B. Dev. Co.]*, 259 AD2d 1012 [1999]), despite his submission of a letter of resignation. In our view, the company was a "member-managed LLC," rather than a "manager-managed LLC" (*see generally* § 412 [a]). Our analysis thus turns on the issue whether Salahuddin was authorized to appoint as company counsel an attorney who accepted plaintiff's resignation letter transmitted to him by plaintiff before plaintiff cross-moved for dissolution. "An act of a member . . . that is not apparently for the carrying on of the business of the limited liability company in the usual way does not bind the limited liability company unless authorized in fact by the limited liability company in the particular matter" (§ 412 [c]). Since the appointment of company counsel by Salahuddin was neither for carrying on the usual business of the company, i.e., dental surgery, nor, as required by the terms of the operating agreement, sanctioned by majority vote of the company's members, the company counsel allegedly appointed by Salahuddin was not authorized to represent the company and thus could not have accepted plaintiff's purported resignation letter.

Even assuming, arguendo, that the company counsel was properly appointed by Salahuddin, we conclude that he was neither retained to address general business matters on behalf of the company nor authorized by the operating agreement to act on behalf of that entity (*see* Limited Liability Company Law § 102 [c]). Salahuddin's reliance upon *Blondell v Malone* (91 AD2d 1201 [1983]) in support of the proposition that the attorney in question was counsel of record for the company because that attorney had not been removed by court order or stipulation of the parties is misplaced. *Blondell* was intended to protect a client whose attorney seeks to withdraw from representation, rather than to impede the removal of an attorney who was not authorized to represent an alleged client (*id.* at 1202). Moreover, there is no indication that the attorney in question in fact accepted plaintiff's purported resignation before plaintiff cross-moved for dissolution (*see* Siegel, NY Prac § 249 [4th ed]), or that the purported resignation letter concerned

plaintiff's *membership* in the company, as opposed to his *employment* with the company. In light of our determination that plaintiff has standing to seek dissolution of the company, we agree with the concession of the company that its contention with respect to its cross motion for injunctive relief in appeal No. 1 need not be addressed (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

Finally, with respect to the order in appeal No. 3, we conclude that the court did not err in denying Salahuddin's motion seeking recusal of the court. Salahuddin "failed to allege any basis for mandatory disqualification or recusal [pursuant to Judiciary Law § 14], and we conclude that the court did not abuse its discretion in refusing to recuse itself" (*Matter of Gutzmer v Santini*, 60 AD3d 1295 [2009]). Contrary to Salahuddin's contention, the March 14, 2008 scheduling order issued by the court was neither an impermissible public statement concerning the case (*see* 22 NYCRR 100.3 [E] [1] [f]), nor was it an expression of prejudgment bias. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.