# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**495**

**CA 11-01286**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE APPLICATION OF
PETITIONER/CONDEMNOR NEW YORK STATE URBAN
DEVELOPMENT CORPORATION, DOING BUSINESS AS
EMPIRE STATE DEVELOPMENT CORPORATION,
PETITIONER-RESPONDENT, TO ACQUIRE
IN FEE SIMPLE CERTAIN REAL PROPERTY
CURRENTLY OWNED BY FALLSITE, LLC, AND
KNOWN AS:

232 SIXTH STREET, CITY OF NIAGARA FALLS                MEMORANDUM AND ORDER
700 RAINBOW BLVD., CITY OF NIAGARA FALLS
231 SIXTH STREET, CITY OF NIAGARA FALLS
626 RAINBOW BLVD., CITY OF NIAGARA FALLS
701 FALLS STREET, CITY OF NIAGARA FALLS

SITUATED IN THE COUNTY OF NIAGARA, STATE OF
NEW YORK AND HAVING, RESPECTIVELY; THE FOLLOWING
TAX SECTIONS, BLOCKS, AND LOTS:

159.09-2-25.122
159.09-2-25.112
159.09-2-25.121
159.09-2-25.111
159.09-2-25.211

TOGETHER WITH ALL COMPENSABLE INTERESTS THEREIN
CURRENTLY OWNED BY FALLSITE, LLC, FALLSVILLE
SPLASH, LLC AND ANY OTHER CONDEMNEES WHO ARE
CURRENTLY UNKNOWN.
--------------------------------------------------
FALLSITE, LLC AND FALLSVILLE SPLASH, LLC,
RESPONDENTS-APPELLANTS.

---

JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS, D.J. & J.A. CIRANDO,
ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

HARRIS BEACH PLLC, PITTSFORD (PHILIP G. SPELLANE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered January 24, 2011. The order,
inter alia, denied respondents' cross motion for a mistrial and
recusal.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this condemnation proceeding, respondents appeal from an order that, inter alia, denied their cross motion for a mistrial and recusal based upon Supreme Court's alleged relationship with a partner at the law firm representing petitioner and comments made by the court in other proceedings concerning the viability of development in the Niagara Falls area.  We affirm.  Neither of the grounds raised in support of recusal invoke the court's mandatory duty to recuse itself (*see* Judiciary Law § 14).  Thus, recusal was a matter for the court's discretion, and we perceive no abuse of that discretion (*see Caplash v Rochester Oral & Maxillofacial Surgery Assoc., LLC*, 63 AD3d 1683, 1686; *Matter of Gutzmer v Santini*, 60 AD3d 1295, *lv dismissed* 12 NY3d 889).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court