Matter of Daniel B. (Anonymous) (2015 NY Slip Op 09676)





Matter of Daniel B. (Anonymous)


2015 NY Slip Op 09676


Decided on December 30, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2013-09939
 (Index No. 10007/12)

[*1]In the Matter of Daniel B. (Anonymous).
Angelique M. B. (Anonymous), etc., et al., respondents,
v
David Vision, et al., appellants.


Neal Forman, Brooklyn, NY (Louis A. Badolato of counsel), for appellants.
John R. Low-Beer, Brooklyn, NY (Ira K. Miller of counsel), for respondent Betty Lawrence Lewis.



DECISION & ORDER
In a guardianship proceeding in which Betty Lawrence Lewis, the guardian of the property and a coguardian of the person of Daniel B., an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.43 to recover certain property withheld from the estate of the incapacitated person, nonparties David Vision and Mutiya Vision appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 26, 2013, which denied their motion for summary judgment dismissing the petition.
ORDERED that the order is affirmed, with costs.
In January 2012, Angelique M. B. petitioned, inter alia, for the appointment of a guardian of the person and property of her father, Daniel B., an incapacitated person. In April 2012, Betty Lawrence Lewis was appointed as the guardian of the property and a coguardian, with Angelique M. B., of the person of Daniel B. Subsequently, Lewis filed a petition pursuant to Mental Hygiene Law § 81.43 seeking, inter alia, the turnover of certain funds allegedly held by David Vision and Mutiya Vision (hereinafter together the appellants) belonging to Daniel B. After the first day of testimony at a nonjury trial, the appellants moved for summary judgment dismissing the petition. The Supreme Court denied the motion, finding that triable issues of fact existed. We affirm, but on a different ground.
The appellants submitted an untimely motion for summary judgment during the trial and before Lewis rested her case. The motion should have been denied as procedurally improper irrespective of its merits, even if the motion is considered analogous to a motion for judgment during trial (see Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056-1057; Caplash v Rochester Oral & Maxillofacial Surgery Assoc. LLC, 63 AD3d 1683, 1684; see also CPLR 4401; Greenbaum v Hershman, 31 AD3d 607).
In light of our determination, we need not reach the appellants' remaining contention.
RIVERA, J.P., BALKIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court