■ In the Matter of HALBERT BROOKS, JR., Appellant, v PAULA GREENE, Respondent. In the Matter of PAULA GREENE, Respondent, v HALBERT BROOKS, JR., Appellant. [61 NYS3d 403]—

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered February 11, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded sole custody of the subject child to respondent-petitioner.

It is hereby ordered that said appeal insofar as it concerns supervised visitation is unanimously dismissed and the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father appeals from an order that, inter alia, awarded respondent-petitioner mother sole custody of the parties' child and directed that a third party

supervise the father's overnight visitation with the child. Subsequently, Family Court issued orders that allowed the father to exercise unsupervised, overnight visitation at his apartment with the child, thereby rendering this appeal moot insofar as it concerns that part of the order requiring supervised visitation (*see generally Matter of Dawley v Dawley* [appeal No. 2], 144 AD3d 1501, 1502 [2016]). We conclude that the exception to the mootness doctrine does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Inasmuch as the subsequent orders did not resolve the custody issues, however, we reject the contention of the Attorney for the Child (AFC) that the father's appeal is moot in its entirety (*cf. Matter of Pugh v Richardson*, 138 AD3d 1423, 1424 [2016]).

Contrary to the father's contention, the court properly denied his recusal motion. "Absent a legal disqualification . . . , a Judge is generally the sole arbiter of recusal" (*Matter of Murphy*, 82 NY2d 491, 495 [1993]; *see* Judiciary Law § 14), and the decision whether to recuse is committed to the Judge's discretion (*see Murphy*, 82 NY2d at 495; *Matter of Trinity E. [Robert E.]*, 144 AD3d 1680, 1681 [2016]). Although recusal is required where the "impartiality [of the Judge] might reasonably be questioned" (22 NYCRR 100.3 [E] [1]), a party's unsubstantiated allegations of bias are insufficient to require recusal (*see Matter of McLaughlin v McLaughlin*, 104 AD3d 1315, 1316 [2013]). Here, the record does not support the father's allegations that the Judge treated attorneys differently based on their respective racial backgrounds, or that the Judge was biased against him because of her alleged familiarity with his social worker. Furthermore, the record does not indicate that any alleged bias influenced the Judge's rulings relating to the father's attempt to subpoena the testimony of the mother's other minor children or to his cross-examination of the mother.

Contrary to the father's further contention, the court properly denied his motion to remove the AFC inasmuch as the motion was based solely on "unsubstantiated allegations of bias" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]). Here, the AFC advocated for the best interests of the child (*see Matter of Carballeira v Shumway*, 273 AD2d 753, 755 [2000], *lv denied* 95 NY2d 764 [2000]; *see generally* Family Ct Act § 241), and the fact that she took a position contrary to that of the father does not indicate bias (*see Matter of Aaliyah Q.*, 55 AD3d 969, 971 [2008]; *Matter of Jason A.C. v Lisa A.C.*, 30 AD3d 1110, 1110 [2006]). Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.