Matter of Athoe v Goodman (2019 NY Slip Op 01942)





Matter of Athoe v Goodman 


2019 NY Slip Op 01942


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


299 CAF 18-01362

[*1]IN THE MATTER OF JOSHUA T. ATHOE, PETITIONER-RESPONDENT,
v
NIA M. GOODMAN (BOTKIN), RESPONDENT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JENNIFER M. LORENZ, ORCHARD PARK, FOR PETITIONER-RESPONDENT.
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 6, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, awarded petitioner father sole legal and physical custody of the subject child. We reject the mother's contention that Family Court's custody determination lacks a sound and substantial basis in the record. In making an initial custody determination, the court is "required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Buckley v Kleinahans, 162 AD3d 1561, 1562 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011]). We agree with the court that those factors weigh in the father's favor, particularly in light of the mother's efforts to interfere with the father's contact with the child, and thus the record supports the court's determination that it is in the child's best interests to award sole custody to the father (see Matter of Wojciulewicz v McCauley, 166 AD3d 1489, 1490-1491 [4th Dept 2018]; Matter of Marino v Marino, 90 AD3d 1694, 1695-1696 [4th Dept 2011]).
Contrary to the mother's further contention, we conclude that the court properly denied her motion to remove the Attorney for the Child (AFC), inasmuch as the motion was based solely upon unsubstantiated allegations of bias and nothing in the record establishes that the AFC failed to diligently represent the child's best interests (see Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]; Matter of Petkovsek v Snyder [appeal No. 6], 251 AD2d 1087, 1087 [4th Dept 1998], lv dismissed in part and denied in part 92 NY2d 942 [1998]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court