Sagaria v Sagaria (2019 NY Slip Op 04980)





Sagaria v Sagaria


2019 NY Slip Op 04980


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-05858
 (Index No. 8102/13)

[*1]John Sagaria, appellant, 
v
Cynthia Sagaria, respondent.


Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.
Strauss & Kallus, PLLC, Goshen, NY (Barbara J. Strauss of counsel), for respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated May 17, 2018. The order denied the plaintiff's motion, inter alia, to unseal the minutes of an in camera interview with the parties' child and to remove the attorney for the child.
ORDERED that the order is affirmed, with costs.
In aid of a determination on the issues of child custody or parental access, the court may conduct an interview with the subject child outside the presence of the parties and their counsel (see Matter of Lincoln v Lincoln, 24 NY2d 270, 271-272). Such an interview must be conducted on the record but the transcript is sealed in order to protect the confidentiality of the interview (see Family Ct Act § 664). While the trial court has the inherent authority to direct the unsealing of the transcript, in this case, we agree with the Supreme Court's determination to deny the plaintiff's request to unseal the transcript as he failed to give a sound reason for its disclosure (see Matter of Anderson v Harris, 73 AD3d 456, 458; see also Matter of Heasley v Morse, 144 AD3d 1405, 1408; Matter of Julie E. v David E., 124 AD3d 934, 937-938).
The role of the attorney for the child is "to be an advocate for and represent the best interests of the child, not the parents" (Matter of Brittany W., 25 AD3d 560, 560; see Matter of Hanehan v Hanehan, 8 AD3d 712, 714). Absent a conflict of interest or failure to diligently represent the best interests of the child, the attorney for the child should not be removed (see Matter of King v King, 266 AD2d 546, 547).
Here, the plaintiff offered no evidence of any conflict of interest or bias on the part of the attorney for the child in favor of the defendant, nor did the plaintiff offer any evidence that the attorney for the child was neglecting her obligations to the child. Under these circumstances, the Supreme Court's determination denying that branch of the plaintiff's motion which was to remove the attorney for the child was a provident exercise of discretion (see Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149; Matter of Brittany W., 25 AD3d at 560; Matter of Hanehan v Hanehan, 8 AD3d at 714; Matter of King v King, 266 AD2d at 547; cf. Cervera v Bressler, 50 AD3d 837, 840-841).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion.
Finally, we note that the litigation of custody and related matters in this case has been exceptionally protracted, and that a trial on the issue of custody has been underway for several months. We urge the Supreme Court to complete that trial as expeditiously as possible.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court