Matter of Heather U. v Janice V. (2019 NY Slip Op 09338)





Matter of Heather U. v Janice V.


2019 NY Slip Op 09338


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527689

[*1]In the Matter of Heather U., Appellant,
v
Janice ., Respondent, et al., Respondent. (And Three Other Related Proceedings.)

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Michelle I. Rosien, Philmont, for appellant.
Bridget A. O'Connor, Port Crane, for Janice V., respondent.
Irene Graven, Owego, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered August 23, 2018, which, among other things, dismissed petitioner's applications, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) is the mother of, as relevant here, a son (born in 2009). On April 20, 2018, the mother commenced a custody modification proceeding seeking to modify a March 2016 custody order that had awarded the mother and respondent Janice V., the child's maternal great-grandmother (hereinafter the great-grandmother), joint legal custody of the child, with physical placement with the great-grandmother and scheduled visitation to the mother.[FN1] On May 1, 2018, the mother also filed a violation petition, alleging that the great-grandmother violated a January 2017 Family Court order by intentionally interfering with her scheduled parenting time. On May 14, 2018, the mother filed two additional petitions: (1) an amended custody modification petition, alleging, among other things, that a change in circumstances had occurred since entry of the prior custody order based upon the child having sustained a broken arm as a result of the lack of proper supervision provided by the great-grandmother's husband; and (2) a second violation petition, alleging that the great-grandmother violated the March 2016 custody order by failing to promptly notify her about the child's broken arm. A consolidated fact-finding hearing on all four petitions was held on August 2, 2018. Following the close of the mother's proof, the great-grandmother moved for a trial order of dismissal with respect to all four petitions. Family Court dismissed the two violation petitions and provided the parties with two weeks to provide written submissions with respect to whether the mother had demonstrated the requisite change in circumstances in support of her modification petitions. Following receipt of written submissions by the great-grandmother and the attorney for the child, Family Court granted the great-grandmother's motion to dismiss, concluding that the mother had failed to establish a change in circumstances warranting modification of the prior custody order. The mother appeals, and we affirm.
We reject the mother's contention that she was deprived due process inasmuch as Family Court deprived her of an opportunity to respond to the great-grandmother's motion for a trial order of dismissal. At the outset of the fact-finding hearing, Family Court informed the parties, without objection, that all four pending petitions would be addressed in one consolidated fact-finding hearing. The mother thereafter called her mother, her father and one of her other children to testify and concluded her proof by offering her own testimony in support of the petitions. Following the great-grandmother's cross-examination of the mother, Family Court inquired whether the mother had "anything else to say," to which she indicated that she had no more witnesses to call. The great-grandmother then moved for a trial order of dismissal. Family Court summarily dismissed the two violation petitions based upon the mother's failure to offer any proof with regard thereto and provided the parties two weeks to provide written submissions in support of or opposition to the motion to dismiss the custody modification petitions. The great-grandmother and the attorney for the child subsequently submitted letters in support of the motion to dismiss; the mother did not respond. On August 23, 2018, Family Court dismissed the mother's custody modification petitions.
Initially, inasmuch as the mother twice represented to Family Court that she had no additional witnesses to call and nothing further to add in support of her petitions, her assertion that Family Court prematurely closed the hearing before she had finished presenting her case is belied by the record. Moreover, given that the mother was provided two weeks to submit written opposition to the great-grandmother's motion to dismiss, if she so chose, her contention that she was deprived an opportunity to respond to the great-grandmother's motion is without merit (see Matter of Jillian EE. v Kane FF., 165 AD3d 1407, 1408 [2018], lv denied 32 NY3d 912 [2019]; Matter of Hanehan v Hanehan, 8 AD3d 712, 714 [2004]).
As a finding of extraordinary circumstances has already been made here (Matter of Heather U. v Janice V., 152 AD3d 836, 839 [2017]), the mother bore the burden of demonstrating a change in circumstances (see Matter of Sweeney v Daub-Stevens, 166 AD3d 1340, 1341 [2018]).
The proof relied upon by the mother at the fact-finding hearing was largely a rehashing of the same arguments that she made in her prior modification petitions,[FN2] i.e., that the great-grandmother was not keeping her informed of or allowing her to participate in the child's medical, therapeutic, educational or extracurricular affairs, despite the fact they shared joint legal custody of the child. Other than the mother's conclusory assertions, however, she failed to demonstrate what efforts, if any, she has made since entry of the prior custody order — and/or the dismissal of her prior custody modification petitions — to become more involved in the day-to-day medical, therapeutic and educational needs of the child. Additionally, despite the fact that the child has a tic disorder and an individualized educational program that classifies him as "emotionally disturbed," the mother acknowledged that she has not met with the child's therapist or attended any of his therapy sessions and has not otherwise met with school personnel to determine how her child was progressing at school nor did she adequately engage in the individualized educational program for the child. The mother has also not taken any responsibility for, nor sought to improve, the communication difficulties she continues to have with the great-grandmother.
Although the mother contended that she has continued to maintain a safe and stable home environment, including obtaining a new full-time position for the state performing highway maintenance and regaining physical custody of another one of her children, she had only obtained her new position one week prior to the fact-finding hearing, she had yet to start and she provided no proof of having been hired. She further acknowledged that, despite having regained "custody" of another child nearly two years prior, she still had not obtained a formal custody order legally granting her primary physical custody of that child.[FN3] Family Court also appropriately took into consideration the fact that the mother continues to involve herself in relationships that expose her to domestic violence, as evidenced by the fact that she recently obtained a seventh order of protection against a former paramour. Accordingly, even viewing the evidence in a light most favorable to the mother, we find that a sound and substantial basis exists in the record to support Family Court's determination that she failed to establish a change in circumstances warranting modification of the March 2016 order (see Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1356 [2019]; Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1409 [2019], lv denied 34 NY3d 902 [2019]).[FN4]
Clark, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Upon the mother's appeal from Family Court's March 2016 custody order, this Court affirmed, determining that extraordinary circumstances were present and that it was in the best interests of the child for the great-grandmother to have physical placement of the child (Matter of Heather U. v Janice V., 152 AD3d 836 [2017]).

Footnote 2: The mother filed her April 20, 2018 custody modification petition only eight days after this Court affirmed Family Court's dismissal of two custody modification petitions that the mother had previously filed, also seeking modification of the March 2016 order (Matter of Heather U. v Janice V., 160 AD3d 1149 [2018]).

Footnote 3: The maternal grandmother and maternal grandfather also testified on the mother's behalf; however, they both indicated that they live out of state and had limited interaction with or observation of the mother's day-to-day relationship with the child.

Footnote 4: Although the mother alleged in her amended modification petition that the great-grandmother's husband provided negligent supervision of the child during an incident wherein the child broke his arm, she presented no proof at the fact-finding hearing regarding this event.