Owen v Johnson (2025 NY Slip Op 05774)

Owen v Johnson

2025 NY Slip Op 05774

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 365421/20|Appeal No. 4999-5000|Case No. 2024-07483, 2025-02061|

[*1]Jonathan Owen Plaintiff-Respondent,
v
Eleanor Johnson, Defendant-Appellant. 

Robert S. Michaels, P.C., New York (Robert S. Michaels of counsel), for appellant.
Mantel McDonough Riso, LLP, New York (Burton D. Witman of counsel), for respondent.

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered on or about November 12, 2024, which, to the extent appealed from as limited by the briefs and appealable, denied defendant wife's motion for leave to renew her motion for modification of the parties' September 20, 2021 stipulation of settlement to award her sole legal and physical custody of the children and for authority to unilaterally engage a new parenting coordinator, unanimously affirmed, without costs.
Order, same court and Justice, entered March 18, 2025, which, to the extent appealed from as limited by the briefs and appealable, denied defendant wife's motion to modify the parties' stipulation of settlement to award her sole legal and physical custody of the children; appoint a forensic evaluator and to reappoint an attorney for the children; award her attorney's fees; compel plaintiff husband to sign a parenting coordinator retainer containing the same terms as that with Dr. Paul Hymowitz; and denied her leave to renew her request for the appointment of Jane Pearl, Esq. as the parties' parenting coordinator and for authority to unilaterally engage a new parenting coordinator if Jane Pearl is unavailable; and granted the husband's cross-motion for attorney's fees, unanimously modified, on the law and the facts, to direct the parties to utilize the same terms previously negotiated in the retainer agreement with Dr. Hymowitz with a new parenting coordinator, and otherwise affirmed, without costs.
The motion court properly denied, without a hearing, the wife's motion to renew her prior motion to modify the custody provisions of the stipulation of settlement, as set forth in the prior April 11, 2024 order, as well as her subsequent motion for modification (see Matter of Sergei P. v Sofia M., 44 AD3d 490, 490 [1st Dept 2007]; Matter of Juliette S. v Tykym S., 166 AD3d 509, 509 [1st Dept 2018]). The court noted that the parties negotiated a comprehensive 73-page stipulation of settlement with the assistance of counsel and were allocuted on the record less than a year before the wife filed her motion for modification. At that time, both parties agreed that it was in the children's best interests for the parents to share joint decision-making authority and nearly equal parenting time.
Although the wife raised numerous concerns about the husband's parenting and their ability to co-parent effectively, the court found that her submissions failed to demonstrate that the husband had become a less capable parent or that the parties were unable to make joint decisions. Moreover, the court considered the report of the attorney for the children, who advised that both children were content with the existing custodial arrangement.
We note that the motion to renew was filed just 41 days after the issuance of the April 11, 2024 order, and then the subsequent motion followed only 33 days after entry of the November 12, 2024 order under appeal. In both instances, the court correctly focused its inquiry on whether the wife had demonstrated a change in circumstances occurring subsequent to the prior orders. Although the wife raised numerous allegations, they largely repeated issues previously submitted to the court, such as the children being bitten by bugs and ticks, falling off bicycles, expressing dislike of certain extracurricular activities, and experiencing social difficulties at school. These incidents, while undoubtedly frustrating, do not rise to the level of a change in circumstances. Even more concerning is the wife's insistence on subjecting her daughter, who has a documented history of anxiety, to even more intrusive court intervention in the form of a forensic evaluation.
Given the short length of time between the wife's successive modification motions, the court providently exercised its discretion in declining to reappoint the attorney for the children. The court had already appointed an attorney for the children in connection with the wife's initial modification request. To the extent the wife now implies that the children's positions have changed since that time, any such change should be viewed with skepticism in light of her ongoing and aggressive litigation campaign. Additionally, given the children's young age, any shift in their stated preferences would not be entitled to significant weight.
The court also providently exercised its discretion in denying the wife's motion seeking a forensic evaluation. The appointment of a forensic evaluator is not appropriate until it is determined that there has been a change in circumstances to justify a renewed best interests analysis (see Matter of King v King, 266 AD2d 546, 546-547 [2d Dept 1999]). The wife failed to identify any substantial change in circumstances since entry of the November 12, 2024 order. In light of the wife's ongoing and targeted attempts to uncover evidence of the husband's alleged parental shortcomings, permitting a forensic evaluation would amount to an unwarranted fishing expedition into the issue of the husband's custodial fitness.
The court properly denied the wife's requests concerning the expansion of the parental coordinator's authority and her request to unilaterally select one. The stipulation of settlement is a 73-page document, which precisely outlines the process for selecting a parenting coordinator and clearly delineates the scope of that individual's authority. The wife's proposed language, which broadly expands the coordinator's role to decisions "affecting the children's welfare and upbringing," would effectively nullify the specific limitations negotiated in the stipulation, as nearly every parental decision could be characterized as affecting a child's welfare or upbringing.
The stipulation also sets forth a precise mechanism for selecting a parenting coordinator. The husband has actively participated in the process, even if his preferences have not aligned with the wife's desired outcome. His disagreement does not amount to noncompliance, and the court correctly declined to override the agreed-upon procedure simply to reach the wife's preferred result.
Nevertheless, the court should have granted that branch of the wife's motion requesting that any prospective parenting coordinator be required to sign an agreement mirroring the terms previously negotiated with Dr. Hymowitz. Notably, the husband does not raise any objection to this request in his brief. The record reflects that the parties engaged in extensive negotiations regarding the scope and terms of Dr. Hymowitz's retainer agreement, including with the court's assistance. Requiring future parenting coordinators to adopt the same terms previously agreed upon by the parties would streamline the process and avoid unnecessary delays, particularly given that the stipulation contemplated the involvement of a long-term parenting coordinator to assist the parties in resolving major decisions.
The court properly awarded $8,000 in attorney's fees to the husband. Where, as here, the parties have entered into a settlement agreement that includes a specific provision governing attorney's fees in the event of an unsuccessful modification attempt, that contractual provision controls (see Cleary-Thomas v Thomas, 200 AD3d 516, 517 [1st Dept 2021]). Since the wife's three motions to modify the stipulation of settlement were ultimately unsuccessful, the award of attorney's fees to the husband was proper and consistent with the parties' agreement. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025