■ ROBERT J. McDONALD, Respondent, v OLGA B. Mc-DONALD, Also Known as OLGA BENITEZ, Appellant. [627 NYS2d

758] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Modugno, J.H.O.), dated April 21, 1993, which, *inter alia,* granted the plaintiff husband's cross motion for expanded and unsupervised pendente lite visitation rights with the parties' two minor children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court did not improvidently exercise its discretion in changing the previous visitation order by awarding to the father expanded and unsupervised visitation rights. It is well settled that in adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95-96). Moreover, the court's determination depends to a great extent upon its assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parents. Therefore, the findings of the trial court must be treated with great respect, unless they lack a sound and substantial basis in the record *(see, Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736; *see also, Klat v Klat,* 176 AD2d 922; *Leistner v Leistner,* 137 AD2d 499).

The record indicates that the parents displayed great animosity toward each other whenever they came into contact. The prior visitation order provided for a four-hour visitation period supervised by the maternal grandmother in the basement of the mother's medical office. Thus, whenever the father exercised his visitation rights, the mother, her employees, and the maternal grandmother were either present or close by. To limit the contact, and to protect the children from the antagonism of the parents, the court properly changed the visitation order to allow the father to be able to take the children to a more neutral environment where he could develop his own relationship with them, free from outside influences.

Our affirmance of the court's visitation order should not be taken as an approval of the father's conduct toward the mother in the childrens' presence and his inappropriate comments to the children about the circumstances of their conception. Both parents are admonished to control their derogatory remarks against the other because such comments adversely affect the emotional well-being of the children.

We have considered the mother's remaining contention and find it to be without merit. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.