■ In the Matter of MICHAEL F., Respondent-Appellant, v CERISE S., Appellant-Respondent. [639 NYS2d 65] —In a proceeding pursuant to Family Court Act article 6, *inter alia,* to determine custody of the parties' child, the mother appeals from stated portions of an order of the Family Court, Richmond County (Clark, J.), dated September 8, 1994, which, among other things, awarded custody to the father and limited her visitation with her minor child to two weeks of supervised visitation per year, and the father cross-appeals from so much of the same order as granted the mother visitation.

Ordered that the cross appeal is dismissed for failure to perfect the same, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother argues, *inter alia,* that the court erred in not awarding her custody of her minor child and in limiting her to two weeks of supervised visitation per year; one week in the United States, the mother's domicile, and one week in Switzerland, the father's domicile. However, because the mother withdrew her request for custody before the Family Court, a fact conceded several times during the various proceedings, her arguments concerning custody are not properly before this Court *(see, Matter of Nicholas R. M.,* 112 AD2d 371). Further, we find the limited visitation granted to the mother to be in the best interests of the child *(see, Janousek v Janousek,* 108 AD2d 782; *Twersky v Twersky,* 103 AD2d 775). Absent extraordinary circumstances where visitation would be detrimental to the child, a noncustodial parent should be granted frequent and regular visitation *(see, Twersky v Twersky, supra; Matter of Schack v Schack,* 98 AD2d 802). Here, however, such extraordi-

nary circumstances are present. The evidence adduced during the various proceedings revealed that the mother engaged in illicit drug use and that she physically abused the child. Furthermore, the child became upset and had nightmares after telephone conversations with the mother and was afraid and did not feel safe during visits with her. Indeed, during the first years of the child's life, when the mother had responsibility for the child, the child resided with an aunt. During this time, the mother had only sporadic contact with the child. Accordingly, the Family Court's order had a sound and substantial basis in the record and was not an improvident exercise of discretion (see, Matter of Darlene T., 28 NY2d 391; McDonald v McDonald, 216 AD2d 276; John v John, 214 AD2d 536).

We have considered the mother's remaining contentions and find them to be without merit. Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.