■ In the Matter of Ruby Oscarson et al., Respondents, v Christopher Maresca, Respondent, and Patricia V. Maresca, Appellant. [648 NYS2d 724] —Peters, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered June 14, 1994, which, *inter alia*, granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for sole custody of their granddaughter.

Natasha was removed from the care of respondents, her parents, when she was 10 months old due to their abusive relationship. After a brief placement in foster care, petitioners, who are Natasha's maternal grandparents,[1] acquired sole custody with supervised visitation to respondent Patricia V. Maresca (hereinafter the mother). Such order was modified, on consent, in February 1993 when Natasha was 5 1/2 years old, to provide that petitioners and the mother share joint custody, with primary physical custody to petitioners and unsupervised visitation to the mother. Although not contained in the record, the parties agree that at such time the father, respondent Christopher Maresca, was precluded by court order from having access to Natasha. Unsupervised visitation commenced slowly, gradually increasing to overnight stays at the mother's residence. The visitation became so fluid between February 1993 and June 1993, that petitioners requested the mother to care for Natasha daily while they went to work. At such time, petitioners believed that due to the mother's completion of a parenting course and the stabilizing influence of her long-term boyfriend, these visitations would be successful.

In June 1993, petitioners learned, for the first time, that the child's father had been present on more than one occasion when the child was in the mother's care. The mother admitted that she urged Natasha not to tell petitioners of these visits, unless specifically asked. Petitioners also learned that the mother and her boyfriend were no longer together, with the mother now claiming that he had physically abused her. The continued association of petitioners with such boyfriend, before knowing of these circumstances, resulted in the mother losing

---

1. Petitioner Kenneth Oscarson lived with petitioner Ruby Oscarson for 24 years before they married in November 1993. He died on August 31, 1995 while this appeal was pending.

self-control and creating such a disturbance during a scheduled visit that it was prematurely terminated. The mother thereafter filed a violation petition and further sought to modify the existing custody and visitation order.

Although petitioners continued to permit unsupervised visitation, testimony revealed that Natasha began to report that her mother was calling her "bad" names, was slapping her across the face and was teaching her how to steal. The child further began to use sexually inappropriate language and act out sexual behavior with her toys. Natasha eventually refused visitation with her mother and expressed fear and apprehension when she arrived for pick-up. As a result of these behaviors, as well as the alleged continued exposure of the child to the father, petitioners sought to modify the existing custody and visitation order, while the mother filed yet another violation petition relating to the visitation order.

After hearings on all petitions, Family Court dismissed the violation petitions and awarded sole custody of Natasha to petitioners, with gradually increasing supervised visitation. This appeal by the mother ensued.

We conclude that a significant change of circumstances warranted Family Court's review of the custodial relationship (*see, Matter of McCauliffe v Peace*, 176 AD2d 382, 383). Further, we find overwhelming evidence in the record indicating that due to the antagonistic and embattled relationship between petitioners and the mother,[2] there existed sufficient cause to warrant a change from joint custody to sole custody (*see, Braiman v Braiman*, 44 NY2d 584, 591).

As to whether petitioners, as the child's maternal grandparents, were properly awarded sole custody, we are mindful that as between a biological parent and a nonbiological parent, the biological parent has a superior right to custody absent "surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549; *see, Matter of L.*, 61 NY2d 420, 427). Upon our review, we must conclude that petitioners have sufficiently sustained their burden to show the existence of such extraordinary circumstances. Natasha, approximately six

---

2. Such evidence included, *inter alia*, two separate complaints by the mother, both deemed "unfounded", that Kenneth Oscarson sexually abused Natasha. Donald Embling, the Child Protective Services caseworker who conducted the investigation, testified that as a result of his investigation, a finding of inadequate guardianship was lodged against the mother.

years old at the time of this hearing, had not been in her mother's care since she was 10 months old. There was no evidence in the record that the mother's voluntary relinquishment of custody was intended to be temporary. In fact, up until this proceeding, there has been no real attempt by the mother to regain custody of her daughter. During this $5^1/_2$-year period, the child's emotional and physical needs were fully satisfied by petitioners, thus fostering a psychological bond so evident that a consideration of the best interest of this child became warranted when separation was considered (*see, Matter of Bennett v Jeffreys, supra; see also, Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 293; *Matter of Lake v Van Wormer*, 216 AD2d 735, 736, *lv denied* 86 NY2d 709).

As to the visitation schedule imposed, we again find no error since gradually increasing the supervised visitation, with continuing review, is in the best interest of this child (*see, Matter of Michael F. v Cerise S.*, 224 AD2d 692; *Matter of Stasi v Penagos*, 209 AD2d 423; *Matter of Belden v Keyser*, 206 AD2d 610, 611-612) and, by no means, a deprivation of meaningful access (*see, Matter of Carl J. B. v Dorothy T.*, 186 AD2d 736, 738).

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.