■ In the Matter of DENISE KHAN, Appellant, v EMDADUL KHAN, Respondent. [654 NYS2d 34] —In a child visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Clark, J.), entered May 5, 1995, which granted the father unsupervised visitation with the subject children upon his compliance with certain conditions.

Ordered that the order is reversed, on the law and as a mat-

ter of discretion, without costs or disbursements, the father's petition is granted to the extent that he shall have supervised visitation with his minor children, and the matter is remitted for further proceedings in accordance herewith.

While the determination of the Family Court, which observed the witnesses, is entitled to great respect and will not be disturbed unless it lacks a sound and substantial basis in the record (*see, Matter of Frances K. v Christopher T.,* 220 AD2d 422, 423; *McDonald v McDonald,* 216 AD2d 276, 277; *Matter of Nancy M. v Brian M.,* 227 AD2d 404), the most important factor to be considered in adjudicating visitation rights is the best interests of the children (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95-96). Here, in light of the father's prior history of violence against the mother, and his relocation to Bangladesh after the fact-finding hearing was completed, it was an improvident exercise of discretion for the court to grant the father unsupervised visitation.

Notwithstanding the foregoing, the facts do not warrant completely depriving the father of visitation. Therefore, we remit the matter to Family Court, Richmond County, to set the dates, times, and places of the supervised visitation, and the method by which it may be accomplished.

We have reviewed the mother's remaining contention and find it to be without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.