■ In the Matter of JORGE FORD, Respondent, v CAPRICE PEELE, Appellant. [671 NYS2d 997] —In a child visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Clark, J.), dated August 29, 1996, which, after a hearing, granted the father unsupervised visitation with the subject children.

Ordered that the order is affirmed, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children in view of all of the circumstances (see, e.g., Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96; Matter of Cline v Cline, 229 AD2d 671, 672). Deference is generally accorded the Family Court's findings of fact because it was in the best position to assess the credibility of the witnesses (see, e.g., Eschbach v Eschbach, 56 NY2d 167, 173). Its findings may not be set aside or modified unless they lack a sound and substantial basis in the record (see, e.g., Matter of Darlene T., 28 NY2d 391, 395; Matter of Khan v Khan, 236 AD2d 612, 613; Mc-

*Donald v McDonald,* 216 AD2d 277; *Matter of Newton v Newton,* 210 AD2d 337). Absent extraordinary circumstances where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to meaningful visitation privileges (*see, Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Michael F. v Cerise S.,* 224 AD2d 692, 693), including unsupervised visitation (*see, e.g., Matter of Hernandez v Arroyo,* 203 AD2d 461).

We conclude that the Family Court properly determined that unsupervised visitation by the father with his two daughters would not be detrimental to their welfare (*see, Matter of Hernandez v Arroyo, supra; Nacson v Nacson,* 166 AD2d 510; *Shink v Shink,* 140 AD2d 506; *Resnick v Zoldan,* 134 AD2d 246). Accordingly, we decline to disturb its determination (*Matter of Darlene T., supra; Valenza v Valenza,* 143 AD2d 860). Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.