■ In the Matter of DENISE MANOS, Respondent, v CHARLES A. MANOS, Appellant. [725 NYS2d 52] —In a proceeding pursuant to Family Court Act article 6 to modify the visitation provisions of a separation agreement, which was incorporated but not merged into a judgment of divorce dated October 26, 1998, the appeal is from an order of the Family Court, Suffolk County (Kent, J.), entered December 2, 1999, which, after a hearing, granted the petition.

Ordered that the order is affirmed, with costs.

The parties entered into a separation agreement on September 4, 1997, which granted the father liberal visitation, including the first and third weekends of each month. The separation

agreement was incorporated but not merged into the parties' divorce judgment. As the parties' two children grew older, their Hebrew school schedule changed and they were required to attend Hebrew school on Sundays when they usually would be visiting their father. The mother commenced this proceeding to modify the visitation schedule so that she could pick up the children from the father's home, take them to Hebrew school for approximately two hours, and then return them to the father's house if visitation was not over. The father opposed the petition and contended that the change in the children's Hebrew school schedule had been contemplated, and the separation agreement contained a provision which permitted the parties to hire a tutor who would teach the children on Sundays. The father asserted that the rabbi in charge of the children's Hebrew education had suggested hiring a tutor. The court granted the petition and the father appeals. We affirm.

The general rule is that in the absence of a subsequent change in circumstance, the court should defer to the agreement of the parties (*see,* Family Ct Act § 652 [b]; *see also, Matter of King v King,* 266 AD2d 546; *Matter of Vistocci v Seebeck,* 244 AD2d 414; *Matter of Cinquemani v Guarino,* 243 AD2d 562). However, "[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *People ex rel. Wasserberger v Wasserberger,* 42 AD2d 93, 95, *affd* 34 NY2d 660). Here, the denial of the petition would have required the hiring of a tutor on a permanent basis. In addition, the children would have been separated from their classmates in the Hebrew school. The Family Court noted that the best interests of the children would be served by permitting them to attend religious instruction with other children of their own age and to allow them to participate in the activities that the religious school provides. We also note that the rabbi in charge of the Hebrew school submitted a letter which stated that the school has a policy of not allowing more than three absences during the year.

Moreover, the modification is not significant. It only permits the mother to pick up the children on Sunday mornings when they are with their father, take them to the school for approximately two hours, and return them to their father, who lives on the same street as the mother. Under all the circumstances, the modification was in the best interests of the children (*see, Friederwitzer v Friederwitzer, supra; People ex rel. Wasserberger v Wasserberger, supra*). Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.