■ In the Matter of GEORGE ECKERT, Respondent, v MARLENE SOMMER, Appellant. [744 NYS2d 707] —In related visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered December 22, 1998, as, after a hearing, modified her visitation schedule.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The determination of the Family Court, which observed the witnesses, is entitled to great deference and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Ford v Peele,* 250 AD2d 767). The testimony adduced at the hearing was sufficient to support the Family Court's determination that a modification of the mother's visitation was in the best interests of the child.

The mother's remaining contentions are without merit. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.

■ In the Matter of GERARD J. FITZGERALD, Petitioner, v DONALD R. BLYDENBURGH, as Justice of the Supreme Court of the State of New York, et al., Respondents. [744 NYS2d 890] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent Justice of the Supreme Court, Suffolk County, to issue a written decision and order setting forth findings of fact and conclusions of law in an action entitled *Fitzgerald v Fitzgerald* pending in that court under Index No. 00-12596.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought. Ritter, J.P., Altman, Feuerstein and Cozier, JJ., concur.