■ FREDERICK SCHLOSSER, Respondent, v MARY A. SCHLOSSER, Appellant. [776 NYS2d 870]—

In a matrimonial action in which the parties were divorced by judgment dated April 19, 2002, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 24, 2003, as, after a hearing, granted that branch of the plaintiff's motion which was to modify the visitation provisions set forth in a stipulation of settlement dated December 5, 2001, which was incorporated but not merged into the judgment of divorce, and, in effect, denied her cross motion, inter alia, for updated forensics, chemical hair analysis, and attendance reports from substance abuse programs.

Ordered that the order is affirmed insofar as appealed from, with costs.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children in view of all the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-6 [1982]). Deference is generally accorded to the court's findings of fact because it was in the best position to assess the credibility of the witnesses (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Thus, its findings may not be set aside or modified unless they lack a sound and substantial basis in the record (*see Matter of Darlene T.*, 28 NY2d 391, 395 [1971]; *Matter of Khan v Khan*, 236 AD2d 612, 613 [1997]; *McDonald v McDonald*, 216 AD2d 276, 277 [1995]).

Pursuant to the terms of the parties' stipulation of settlement, the plaintiff was entitled to move for unsupervised visitation if he complied with certain conditions. The plaintiff complied with the conditions and the defendant failed to demonstrate exceptional circumstances which would relieve her of the terms of the stipulation of settlement (*see Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *Matter of Michael F. v Cerise S.*, 224 AD2d 692, 693 [1996]; *Coniglio v Coniglio*, 170 AD2d 477 [1991]). Therefore, the Supreme Court properly determined that unsupervised visitation by the father with the parties' children was appropriate.

The defendant's remaining contentions are without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.