■ DAVID B. MESSINGER, Appellant, v LORI MESSINGER, Respondent. [792 NYS2d 162]—

In a matrimonial action in which the parties were divorced by judgment dated April 12, 2002, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered April 8, 2004, as granted that branch of his motion which was to modify the visitation provisions set forth in a stipulation of settlement dated January 24, 2002, which was incorporated but not merged into the judgment of divorce, only to the extent of setting forth scheduled times for the parties' child to be picked up and returned during specified vacation and holiday visits.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not violate the doctrine of law of the case by failing to vacate the visitation provisions set forth in the parties' stipulation of settlement. The doctrine of law of the case "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes,* 37 NY2d 162, 165 [1975]; *see Pollack v Pollack,* 290 AD2d 548 [2002]; *Thomas v Dietrick,* 284 AD2d 325 [2001]). Thus, the decision of the judge who first rules in a case binds all courts of co-ordinate jurisdiction, regardless of whether a formal order was entered (*see Matter of*

*Levinson*, 11 AD3d 826 [2004], *lv denied* 4 NY3d 704 [2005]; *Spahn v Griffith*, 101 AD2d 1011 [1984]; *Matter of Silverberg v Dillon*, 73 AD2d 838 [1979]). Here, while the record reveals that the Justice who initially heard the plaintiff's motion expressed dissatisfaction with certain aspects of the visitation schedule set forth in the parties' stipulation, he never actually decided the motion or ruled that the visitation provisions should be set aside. Moreover, the motion which, inter alia, was to modify the visitation provisions of the stipulation by expanding the plaintiff's weekday visitation and clarifying when the child should be picked up and returned during specified vacation and holiday visits, contained no request that the visitation provisions be set aside in their entirety. Under these circumstances, there is no merit to the plaintiff's claim that the law of case doctrine required the Justice who ultimately decided the motion to vacate the visitation provisions of the stipulation and determine the issue of visitation de novo.

Furthermore, in the absence of a subsequent change of circumstances, the court should generally defer to the visitation agreement of the parties (*see* Family Ct Act § 652 [a]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]; *Matter of Heuthe v McLaren*, 1 AD3d 514 [2003]; *Matter of Manos v Manos*, 282 AD2d 749, 750 [2001]; *Matter of Brocher v Brocher*, 213 AD2d 544 [1995]). The record supports the Supreme Court's determination that no change in circumstances occurred which would have warranted increasing the liberal visitation afforded to the plaintiff by the stipulation which the parties made less than two years before the plaintiff sought modification. Moreover, while the most important factor to be considered in adjudicating visitation rights is the best interest of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Schlosser v Schlosser*, 7 AD3d 777, 778 [2004]), the plaintiff failed to demonstrate that the best interest of the child necessitated modification of the visitation schedule set forth in the parties' stipulation beyond the clarification by the Supreme Court of the duration of specified vacation and holiday visits. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.