■ In the Matter of LAMAX A. McLEAN, Respondent, v NAKISHA A. BELL, Appellant. [827 NYS2d 242]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), entered April 4, 2005, which, after a hearing, granted the father's petition for visitation.

Ordered that the order is affirmed, with costs.

"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (*Matter of Herrera v O'Neill,* 20 AD3d 422, 423 [2005]). The Family Court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney,* 208 AD2d 603, 603 [1994]; *see Matter of Halpern v Halpern,* 20 AD3d 420, 420-421 [2005]). Its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of McMillian v Rizzo,* 31 AD3d 555 [2006]; *Matter of Keylikhes v Kiejliches,* 25 AD3d 801, 801 [2006]; *Matter of Ford v Peele,* 250 AD2d 767 [1998]). We

conclude that the Family Court properly determined that visitation with the child in the state of Texas during the month of June, effective 2005, and unsupervised weekend visitation with the child in New York State, effective immediately, would not be detrimental to the welfare of the child (*see Ford v Peele, supra* at 767).

Contrary to the mother's contention, the Indian Child Welfare Act does not apply to this case since it did not involve a proceeding to determine foster care placement, termination of parental rights, preadoptive placement, or adoptive placement (*see* 25 USCA § 1903 [1] [i]-[iv]; *DeMent v Oglala Sioux Tribal Ct.*, 874 F2d 510, 514 [1989]).

The mother's remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.