In the Matter of RICHARD W., Appellant, v MARIBEL G., Respondent. [911 NYS2d 305]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about December 18, 2009, which modified a March 17, 2009 order of visitation to the extent of, inter alia, requiring appellant to travel to Pennsylvania to pick up his child for visitation, and directed that all future issues of custody and visitation should be determined by the state of Pennsylvania, unanimously reversed, on the law, without costs, and the matter remanded to Family Court for further proceedings consistent herewith.

Family Court erred in modifying the March 17, 2009 order of visitation without first conducting a full evidentiary hearing to ascertain the child's best interests (*see Matter of Gross v Gross*, 7 AD3d 711 [2004]) and to determine whether there had been a subsequent change in circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]). Additionally, there was no petition for modification of the visitation provisions of the prior order properly before the court (*see Matter of Nakis-Batos v Nakis*, 191 AD2d 443 [1993]).

Family Court also erred by failing to determine whether it had exclusive continuing jurisdiction (Domestic Relations Law § 76-a; *see Stocker v Sheehan*, 13 AD3d 1 [2004]), and the court should do so upon remand. Similarly, it was improper to refer "subsequent issues regarding custody and visitation" to

Pennsylvania. Indeed, such a determination must await an actual controversy (*Matter of King v King*, 251 AD2d 1028 [1998]).

The court should have advised the parties of the right to counsel, which would have included the right for an adjournment if necessary to consult with a lawyer. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.