■ Robin Galanti, Respondent, v Steven Kraus, Appellant. [924 NYS2d 848]—

In a matrimonial action in which the parties were divorced by judgment dated March 12, 2010, the defendant appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated September 24, 2010, which, without a hearing, granted the plaintiff's motion to modify the visitation provisions of a stipulation of settlement dated November 9, 2009, which was incorporated but not merged into the judgment of divorce. By decision and order on motion of this Court dated November 1, 2010, enforcement of the order dated September 24, 2010, was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for a hearing on the plaintiff's motion to modify the visitation provisions of the parties' stipulation of settlement.

A custody or visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d at 380-381; *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Messinger v Messinger*, 16 AD3d 562, 563 [2005]).

Here, the Supreme Court erred in granting the plaintiff's motion without conducting a full evidentiary hearing as to whether her request for increased visitation was in the best interests of the subject child (*see Matter of Richard W. v Maribel G.*, 78 AD3d 480 [2010]; *Ingarra v Ingarra*, 271 AD2d 573, 574 [2000]; *Matter of Madalyn R. v New York City Commr. of Social Servs.*, 242 AD2d 574 [1997]). Accordingly, the matter must be remitted to the Supreme Court, Putnam County, for a hearing on the plaintiff's motion.

The defendant's remaining contention is without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.