■ In the Matter of MARIANELLA SANTIAGO, Respondent, v CHRISTIAN HALBAL, Appellant. [932 NYS2d 32]—

In May 2008, the mother filed a petition seeking to modify an August 2007 order granting unsupervised visitation to the father. The petition alleged that since the entry of the 2007 order, the father had become increasingly verbally, emotionally

and physically abusive towards the children. In response, the father filed an affidavit disputing the mother's allegations and offering his own version of events. The court set a date for a fact-finding hearing on the mother's petition. After the court set the hearing date, it conducted a *Lincoln* hearing with the children. On the scheduled date for the hearing on the petition, the court did not conduct the hearing but instead issued the order directing that the father's visitation be supervised.

A custody or visitation order may be modified only upon a showing that there has been a subsequent change of circumstances and modification is in the child's best interests (*see Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]). In general, an evidentiary hearing is necessary before a court modifies a prior order of custody or visitation (*see Matter of Rousseau v Kraft*, 72 AD3d 1643 [2010] ["(d)eterminations affecting custody and visitation should be made following a full evidentiary hearing, not on the basis of conflicting allegations"]; *Naomi C. v Russell A.*, 48 AD3d 203 [2008]).

Family Court should not have modified the prior order of visitation without holding an evidentiary hearing. We recognize that the judge here has presided over this matter for many years and is familiar with the parties and the children. Nevertheless, in light of the factual disputes and allegations of parental alienation, the court should not have summarily granted relief without conducting a full hearing on whether any changes to visitation were in the children's best interests (*see Galanti v Kraus*, 85 AD3d 723 [2011]; *Matter of Richard W. v Maribel G.*, 78 AD3d 480 [2010]). Indeed, the court initially recognized the need for such a hearing but then inexplicably issued its order without conducting the hearing. Concur— Andrias, J.P., Sweeny, Moskowitz, Richter and Román, JJ.