JENNIFER-ANNE VOLLKOMMER, Appellant, v MICHAEL J. VOLLKOMMER, JR., Respondent. [956 NYS2d 550]—

"A custody or visitation order may be modified only 'upon a showing that there has been a subsequent change of circumstances and modification is required' " (*Galanti v Kraus*, 85 AD3d 723, 724 [2011], quoting Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). "The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (*Galanti v Kraus*, 85 AD3d at 724; *see Matter of Wilson v McGlinchey*, 2 NY3d at 380-381; *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Messinger v Messinger*, 16 AD3d 562, 563

[2005]). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was to modify the visitation provisions of the stipulation of settlement so as to require that the defendant's visitation with the subject children be supervised, since the plaintiff failed to demonstrate a change of circumstances warranting that the visitation provisions of the stipulation of settlement be so modified (*see Gallagher v Dalton*, 46 AD3d 746, 746-747 [2007]; *Messinger v Messinger*, 16 AD3d at 563). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.