■ In the Matter of RENA M., Respondent, v DERRICK A., Appellant. [996 NYS2d 265]—

Order, Family Court, New York County (Diane Costanzo, Ref.), entered on or about April 15, 2013, which awarded petitioner sole legal and physical custody of the parties' child, unanimously affirmed, without costs.

The determination that the child's best interests require that petitioner be awarded sole legal and physical custody of him has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). With the exception of the period between June 2011 and February 2012, during which petitioner worked and was the sole financial support of the family, she has maintained physical custody of the child since he was born. Moreover, since February 2012, petitioner has cared for the child without any support, financial, emotional or otherwise, from respondent, who has not even visited with the child since that time, despite an order directing supervised visitation. The record establishes that the child has been well cared for by petitioner, who has a stable job and home environment and has provided for the child's needs (*see Matter of Battista v Fasano*, 41 AD3d 712, 713 [2d Dept 2007], *lv denied* 9 NY3d 818 [2008]).

The record does not support respondent's contention that leaving petitioner's home and moving to California to live with respondent—who the record shows is emotionally, physically and financially challenged—would be in the child's best interests (*see e.g. Matter of Oscarson v Maresca*, 232 AD2d 732 [3d Dept 1996]). Indeed, such a move would be detrimental to the child.

Nor does the record support respondent's contention that the court erred in crediting petitioner's testimony and discrediting his testimony (*see Eschbach*, 56 NY2d at 173; *Matter of Mildred S.G. v Mark G.*, 62 AD3d 460 [1st Dept 2009]). Petitioner's testimony included accounts of domestic violence by respondent against her, resulting in the issuance of two orders of protection, and the court properly considered this history of domestic violence in making its custody determination (*see* Domestic Relations Law § 240 [1] [a]; *Matter of Wissink v Wissink*, 301 AD2d 36, 40 [2d Dept 2002]).

Respondent's argument that the court abused its discretion in failing to sua sponte appoint an attorney for the child is without merit (*see Matter of Keen v Stephens*, 114 AD3d 1029 [3d Dept 2014]).

The record does not support respondent's contention that he was denied a fair trial or the right to present his case by the trial court's intervention in the questioning of witnesses or by any alleged bias on the court's part (*see Messinger v Mount Sinai Med. Ctr.*, 15 AD3d 189 [1st Dept 2005], *lv dismissed* 5 NY3d 820 [2005]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.