Matter of Michael G. v Katherine C. (2018 NY Slip Op 08568)





Matter of Michael G. v Katherine C.


2018 NY Slip Op 08568


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7895

[*1]In re Michael G., Petitioner-Respondent,
v
Katherine C., Respondent-Appellant.


Robert Schnapp, New York (Anna V. Boudakova of counsel), for appellant.
Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel, for respondent.
Karen Freedman, Layers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Machelle Sweeting, J.), entered on or about December 11, 2017, which granted the father's petition for modification of custody and awarded him sole legal and physical custody of the subject child, suspended respondent mother's access to the child for a year, and prohibited the mother from filing any modification petitions for a period of one year, unanimously modified, on the law, to strike that portion of the order which prohibited the mother access to the child for a period of one year, and remand the matter for further proceedings consistent with this order, and otherwise affirmed, without costs.
There were adequate allegations before the Family Court to support a finding of changed circumstances, triggering an inquiry into what modification of the parties' so-ordered custody and visitation agreement would best serve the child's best interests. These include the father's sworn statement that the mother had unilaterally prevented him from exercising his visitation under the parties' so-ordered custody agreement (see Matter of Ruiz v Sciallo, 127 AD3d 1205, 1206 [2d Dept 2015]), the statement by counsel for the Administration for Children's Services (ACS) that a report that the father had abused the child was unfounded, and the concerns raised by the father and the child's attorney that the mother had coached the then three-year-old child to make false allegations against the father. Those allegations were sufficient to support the entry of a temporary order transferring physical and legal custody to the father until such time as the court could hold the necessary evidentiary hearing and enter a final order determining custody.
However, the court erred when, without holding an evidentiary hearing, it made a final order transferring physical and legal custody to the father and suspending all contact between the mother and the child for a year. Determination of the child's best interests requires examination of the totality of the circumstances (Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). We have consistently held that "an evidentiary hearing is necessary before a court modifies a prior order of custody or visitation," even where the court is familiar with the parties and child, and particularly where there are facts in dispute (Matter of Santiago v Halbal, 88 AD3d 616, 617 [1st Dept 2011]). Furthermore, while we have stated that a hearing on modification of a custody arrangement in the child's best interests
"may be as abbreviated, in the court's broad discretion, as the particular allegations and known circumstances warrant. . . ,' it must include an opportunity for both sides, and the children's attorney when there is one, to present their respective cases, and the factual underpinnings of any temporary order [must be] made clear on the record'" (Shoshanah B. v Lela G., 140 AD3d 603, 607 [1st Dept 2016] [internal citations omitted]).
Here, the court made a final determination without taking any testimony or entering any documents into evidence. The court's reliance on statements made by the ACS caseworker during a court conference was inappropriate, since the mother's attorney had requested, but was denied, a full hearing at which counsel could have cross-examined the caseworker. There is no indication in the record that the court possessed sufficient information to determine how to modify the custody and visitation arrangement in order to best serve the child's interests. In particular, there was no evidence about whether the mother held a genuine belief that the father had harmed the child, as she asserted, or about whether she was presently willing and able to support the relationship between the child and his father, nor was she given an opportunity to make such a showing.
Moreover, there is no basis in the record for the court's determination that it was in the best interests of the parties' young child that he have no contact with his mother for a year, particularly since the mother had been the child's primary caretaker, and both the father and the child's attorney had asked that the mother have supervised visitation with the child.
Accordingly, the matter is remanded to the court for immediate further proceedings to reinstate access between the mother and child, which may include supervised and/or therapeutic visitation, and for a full hearing on a modified custody and visitation plan that will serve the best interests of the child.
The court also erred in prohibiting the mother from filing any future petitions for custody or visitation without leave of court for a period of one year when neither the father nor the child's attorney sought this relief. "[P]ublic policy mandates free access to the courts" (Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Reachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404 [1975]). We have held that, in an appropriate case, a court may enjoin a party from continuing to litigate certain claims without prior approval of the court "to prevent use of the judicial system as a vehicle for harassment, ill will and spite" (Matter of Sud v Sud, 227 AD2d 319, 319 [1st Dept 1996]; see also Komolov v Segal, 96 AD3d 513, 514 [1st Dept 2012]). However, here, there is no evidence that the mother had a history of relitigating the same claim or otherwise engaging in frivolous litigation against the father that might have made such a ruling appropriate (see also Matter of Sullivan v Sullivan, 40 AD3d 865, 867 [2d Dept 2007] [Family Court properly declined to enjoin father from filing further petitions where there was no showing that his earlier petitions were not based on his genuine concern for the child's welfare]).
We have considered the mother's other claims, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK