Matter of Leslie T. (Naomi S.) (2019 NY Slip Op 03346)





Matter of Leslie T. (Naomi S.)


2019 NY Slip Op 03346


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2017-11926
 (Docket Nos. N-454-17, N-455-17)

[*1]In the Matter of Leslie T. (Anonymous), Jr. Suffolk County Department of Social Services, petitioner-respondent; Naomi S. (Anonymous), respondent; Unkechaug Indian Nation, nonparty- appellant. (Proceeding No. 1.)
In the Matter of Kylen K. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Naomi S. (Anonymous), respondent; Unkechaug Indian Nation, nonparty- appellant. (Proceeding No. 2.)


Law Offices of James F. Simermeyer, East Elmhurst, NY, for nonparty-appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for petitioner-respondent.
Arza Feldman, Uniondale, NY, attorney for the child.
In related proceedings pursuant to Family Court Act article 10, nonparty Unkechaug Indian Nation appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (George F. Harkin, J.), dated September 21, 2017. The order of fact-finding and disposition, insofar as appealed from, upon the mother's admission that she neglected the subject



DECISION & ORDER
child Leslie T., Jr., released the child to the custody of the mother. Justice Cohen has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter the petitioner) commenced these proceedings pursuant to Family Court Act article 10, alleging, among other things, that the mother neglected the subject child Leslie T., Jr. After the proceedings were commenced, the child was removed from the custody of the mother, and released to the father. Although the father is a member of the Unkechaug Indian Nation (hereinafter the Indian Nation), the child was subsequently placed with the maternal grandmother after allegations were made that the father had tested positive for cocaine. The Indian Nation intervened in the proceeding. However, the child had never lived on the Indian Nation's reservation, and the mother objected to the Indian Nation taking [*2]jurisdiction over the proceeding pursuant to the Indian Child Welfare Act of 1978 (25 USC § 1901, et seq.). The Family Court retained jurisdiction, and the Indian Nation made an application to place the child with a paternal uncle, who also was a member of the Indian Nation. The attorney for the child objected to the change in the temporary placement, noting that the child did not know the paternal uncle. On September 19, 2017, the court granted the application of the Indian Nation, and temporarily placed the child with the paternal uncle.
Thereafter, the mother, who was about to complete her substance abuse treatment program, made an application pursuant to Family Court Act § 1028 to have the child returned to her care. On September 21, 2017, the petitioner informed the Family Court that the mother had made excellent progress, and that it was consenting to the return of the child to the mother. The attorney for the child reported that the child had expressed "suicidal ideation that he was either going to run away or hang himself," and had been taken to the Comprehensive Psychiatric Emergency Program at Stony Brook University Hospital for observation. The attorney for the child also consented to the return of the child to the mother.
The Indian Nation objected to the return of the child to the mother's custody, arguing, inter alia, that the entire process was a "coordinated effort to circumvent the intent of the Indian Child Welfare Act," and that the paternal uncle had "done everything he [was] supposed to do." The mother then entered an admission that she had neglected the child based upon her misuse of alcohol. The Family Court issued an order of fact-finding and disposition dated September 21, 2017, inter alia, finding that the mother neglected the child and releasing him to the mother's care under the petitioner's supervision for a period of one year. The Indian Nation appeals.
The Indian Nation contends that the Family Court was required to conduct a hearing under Indian Child Welfare Act of 1978 (25 USC) § 1912(e) prior to removing the child from the temporary custody of the paternal uncle and returning the child to the mother's custody. 25 USC § 1912(e) provides, in relevant part, that "[n]o foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." Under the statute, "foster care placement" means "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator" (25 USC § 1903[1][i]). "Indian custodian" is defined as "any Indian person who has legal custody of an Indian child under tribal law or custom or under State law or to whom temporary physical care, custody, and control has been transferred by the parent of such child" (25 USC § 1903[6]).
Contrary to the Indian Nation's contention, 25 USC § 1912(e) was not applicable under the circumstances of this case. The child had only been placed temporarily with the paternal uncle upon the application of the Indian Nation, and the child was not being removed from the mother or an Indian custodian for placement in foster care. Rather, the petitioner sought to return the child to the mother's custody. Accordingly, the Family Court was not required to conduct a hearing under 25 USC § 1912(e) (cf. Matter of McLean v Bell, 35 AD3d 744, 745).
The remaining contentions of the Indian Nation are without merit.
AUSTIN, J.P., ROMAN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court