Matter of Michael R. v Pamela G. (2020 NY Slip Op 03481)





Matter of Michael R. v Pamela G.


2020 NY Slip Op 03481


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11739 -19315/18 -27521/18

[*1] In re Michael R., Petitioner-Respondent,
v
Pamela G., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Anne Reiniger, New York, for respondent.



Order, Family Court, Bronx County (Tamara Schwarzman, Referee), entered on or about June 5, 2019, which, after a hearing, awarded sole legal and physical custody of the subject child to petitioner father, with visitation to respondent mother, unanimously reversed, without costs, on the law and the facts, and remanded for further proceedings in accordance with the decision herein.
The referee failed to "determine[] whether the mother had established by a preponderance of the evidence that the father had committed acts of domestic violence against her and, if she met this burden, the effect of such domestic violence upon the best interests of the child'" (Matter of Cassissa v Solares, 176 AD3d 697, 698 [2d Dept 2019]; quoting Matter of Khaykin v Kanayeva, 47 AD3d 817, 817-818 [2d Dept 2008]; see Domestic Relations Law § 240[1][a]). The mother testified that the father grabbed her by the hair and pulled her finger back, causing her nail to break. She further testified that she sought immediate medical attention. The father's attorney stated during summation that the mother's domestic violence allegations were not credible since she raised them for the first time during the hearing, did not include those claims in her petition, and failed to provide any medical records supporting the injuries alleged. However, the mother did state in her petition that the father took the child from her "forcibly" and stated at the very first court appearance that the father had "kicked [her] out of the house."
The referee failed to address the domestic violence issue in the decision and merely noted that she accepted the father's summation arguments. This bare bones statement was insufficient because we cannot determine whether the court found that the mother was not credible, or concluded that the domestic violence happened but that it was still in the child's best interest to award custody to the father.
Furthermore, the court did not make any findings on the different explanations for the mother's missed visits, nor address in any detail the mother's claims that the father was interfering with her access to the child. Thus, further proceedings are necessary.
Respondent's argument that the court erred in failing to appoint an attorney for the child is not preserved for appellate review since no request for such an appointment was made to the court. In any event, it provides no basis for reversal given the very young age of the child and the lack of prejudice to the parties (see Rena M. v Derrick A., 122 AD3d 457, 458 [1st Dept 2014], citing Keen v Stephens, 114 AD3d 1029, 1031-32 [3d Dept 2014]).
Finally, to preserve the status quo pending the rehearing, the father shall continue to have physical custody, with the mother having visitation with the child as ordered by the referee in the order entered on June 5, 2019. Prior to this hearing, neither parent had sole legal custody and, [*2]therefore, joint decision making shall continue pending the rehearing or further order of the referee upon remand. In light of the age of the child and the need for a prompt resolution of the custody situation, to the extent possible, the proceeding on remand should be expedited.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK