Matter of Donna F.T. (2020 NY Slip Op 03469)





Matter of Donna F.T.


2020 NY Slip Op 03469


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11674 -1424/18 -2687/19

[*1] In re Donna F.T., Petitioner-Respondent.
Paul C.T., Petitioner,
and
Renee G.-T., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about August 6, 2019, which, inter alia, awarded visitation with the subject child to the paternal grandparents, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings.
This appeal is not precluded on the ground that the order was entered into upon consent of the parties insofar as the circumstances do not indicate that the particular visitation provisions ordered were the result of agreement between the parties. The mother's attorney's general acknowledgment that the grandparents had standing to seek visitation and that she did not oppose the child's contact with her grandparents, is not the same as agreement to the particular provisions regarding the nature and extent of the contact that the court ordered. The order itself did not expressly state that it was entered on consent (see Matter of Lacarrubba v Lacarrubba, 198 AD2d 354 [2d Dept 1993]).
In the absence of consent, Family Court should not have awarded the paternal grandparents visitation without conducting a full trial. The decision was based only on the grandmother's partial testimony. The separately petitioning grandfather did not testify. The mother was not present due to a medical procedure she was undergoing in North Carolina. Even if the court was justified in drawing a negative inference from her failure to give testimony [FN1], the court failed to afford the attorney for the child (AFC) an opportunity to ascertain the seven-year-old child's position (KG v CH, 163 AD3d 67,83 [1st Dept 2018]). Although the Family Court appropriately appointed an AFC, he did not let her do her job. The child's position in this case was particularly important because of the mother's representations that the child did not want to see the grandparents so soon following her father's death and would be traumatized by such visitation. In addition, each of the grandparents brought separate petitions and each was separately represented in this matter. Although there is some indication that the grandparents are separated, because of the truncated record, there is insufficient information to support the court's having jointly awarded jointly awarded them visitation with the child. Without a full hearing, the record is insufficient to determine whether visitation with the paternal grandparents is in the child's best interests (see Matter of E.S. v. P.D., 8 NY3d 150, 160—161 [2007]; Matter of [*2]Santiago v Halbal, 88 AD3d 616, 617 [1st Dept 2011]). If after a full hearing upon remand the Family Court determines that grandparental visitation is in the child's best interest, it should also clarify the award of visitation rights vis-a-vis each grandparent, given that they filed separate petitions and were not jointly represented by counsel, and thus in fact may be separated.
The mother failed to establish that this case should be assigned to a different judge based on judicial bias. Rather,
the record reveals that the Judge was simply urging the parties to settle the issue of visitation without litigation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK



Footnotes

Footnote 1:In her brief the mother expressly states that she does not contest the negative inference from her failure to testify.