Matter of Christie E. R. v Pedro J. D. (2021 NY Slip Op 00271)





Matter of Christie E. R. v Pedro J. D.


2021 NY Slip Op 00271


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Docket No. V-7282-11/18A V-7282-11/18B Appeal No. 12882 Case No. 2020-02448 

[*1]In the Matter of Christie E. R., Petitioner-Appellant,
v
Pedro J. D., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about May 12, 2020, which denied petitioner mother's petition to modify a prior order awarding the father sole custody by awarding her sole legal and physical custody of the parties' child and permitting her and the child to relocate to California, unanimously affirmed, without costs.
The Family Court had subject matter jurisdiction over the custody proceeding since the custody order was entered in New York and the child continues to have substantial connection to New York (Domestic Relations Law § 76-a[1]). The mother's contention that the paternal grandmother should have been joined as a necessary party since she has been the child's de facto custodian is unpreserved for appellate review (see CPLR 5501[a][3]; Matter of Michael R. v Pamela G., 184 AD3d 507, 508 [1st Dept 2020]; Matter of Brittni K., 297 AD2d 236, 240-241 [1st Dept 2002]). In any event, the grandmother was not a necessary party because she had never been given legal custody rights and, thus, she had no rights that could be affected by the proceeding (see generally CPLR 1001[a]). The mother's assertion that the Family Court essentially awarded the grandmother custody of the child is incorrect. The court continued the existing custody order which gives the father sole legal custody. While the grandmother has been the child's primary caregiver during the week while the father works nights running his restaurant business, the father is ultimately responsible for taking care of the child and has provided fully for all of the child's needs.
The Family Court's determination that it was in the best interests of the child not to transfer custody to the mother was supported by a sound and substantial basis in the record (see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Yolanda R. v Eugene I.G., 38 AD3d 288, 288 [1st Dept 2007]). The record established that the mother's involvement in the child's life for the past eight years had been limited to infrequent visitation. Further, changing custody to the mother would involve uprooting the child from his long-time home, and moving him to California, far from his grandmother and father who have cared for him virtually his whole life. The court properly gave consideration to the then 13-year-old child's wish to continue the existing custody and living arrangements (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014])
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021