Aaron v Kennedy (2022 NY Slip Op 07493)

Aaron v Kennedy

2022 NY Slip Op 07493

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 100915/21 Appeal No. 17018 Case No. 2022/03168 

[*1]Ahdawantazalam Aaron, Plaintiff-Appellant,
v
Hon. Tanya R. Kennedy, Defendant-Respondent.

Ahdawantazalam Aaron, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 25, 2022, which denied plaintiff pro se's motion to reargue defendant's motion to dismiss pursuant to CPLR 3211(a)(2) and (7), unanimously dismissed, without costs, as taken from a nonappealable order.
No appeal lies from the denial of a motion for reargument (see Matter of Able Rigging Contrs., Inc. v Gemini Mach. Works, Inc., 200 AD3d 588, 588 [1st Dept 2021]). Moreover, the underlying order granting defendant's motion to dismiss pursuant to CPLR 3211(a)(2) and (7) was entered upon plaintiff's default. Therefore, the proper remedy was for plaintiff to move under CPLR 5501(a) to vacate the default, not to move for leave to reargue (see Figiel v Met Food, 48 AD3d 330, 330 [1st Dept 2008]). Notably, plaintiff does not offer any reasonable excuse for his default.
Even if we were to consider plaintiff's appeal, we would determine that the motion to dismiss the complaint was properly granted. Plaintiff sought to vacate defendant's order denying his petition for guardianship of his adult incapacitated child and his request to have her evaluated by an independent physician. As a court of coordinate jurisdiction, the motion court did not have jurisdiction to vacate the guardianship order and order a new hearing before a different judge (see Mears v Chrysler Fin. Corp., 243 AD2d 270, 272 [1st Dept 1997]). Defendant, who issued the guardianship in her judicial capacity, also has immunity against plaintiff's claims (see Sassower v Finnerty, 96 AD2d 585, 586-587 [2d Dept 1983]). Further, to the extent plaintiff seeks to relitigate the issues decided by the guardianship order, he is barred by the doctrines of res judicata and collateral estoppel (see Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008]; Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]). Plaintiff already exercised his right to appeal from the guardianship order, and we affirmed (see Matter of Ahdawantazalam A. v Georgilia A., 184 AD3d 496, 496 [1st Dept 2020]).
Finally, we note that plaintiff fails to state any factual allegations to support his claims that defendant was biased against him and that his due process rights were violated, nor does he have standing to sue on his adult child's behalf as he is not her guardian (see McReynolds v Broderick, 278 AD2d 6, 7 [1st Dept 2000]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022