Matter of Buckle (2024 NY Slip Op 01988)

Matter of Buckle

2024 NY Slip Op 01988

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 500022/22 Appeal No. 2022 Case No. 2023-02660 

[*1]In the Matter of Conrad Buckle, Petitioner-Appellant, For the Appointment of a Guardian for J.C., An Alleged Incompetent Person.

Conrad Buckle, appellant pro se.

Appeal from order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about December 23, 2022, which, insofar as appealed from as limited by the brief, after a hearing pursuant to Mental Hygiene Law § 81.11, awarded guardianship of the person and property of J.C., to a third party rather than to petitioner father, deemed appeal from order and judgment, same court and Justice, entered on or about July 27, 2023 (CPLR 5520[c]), and, so considered, said judgment unanimously modified, on the law, to the extent of striking language directing petitioner to pay Coleman's counsel fees, and otherwise affirmed, without costs.
"In appointing a guardian, the primary concern is for the best interests of the incapacitated person, based on the facts. The determination is within the court's discretion and wide latitude is given" (Matter of Ahdawantazalam A. v Georgilia A., 184 AD3d 496, 496 [1st Dept 2020]; see also Matter of Von Bulow, 63 NY2d 221, 224 [1984]). Under the circumstances presented, it was not an improvident exercise of discretion for the court to decline to award guardianship of J.C. to petitioner father and to award guardianship to a third party. Although, under article 81, strangers are generally not appointed guardians of the person or property of the incapacitated person, the qualifier is that the appointment of a stranger is warranted if "it is impossible to find within the family circle, or their nominees, one who is qualified to serve" (Matter of Chase, 264 AD2d 330, 331 [1st Dept 1999] [internal quotation marks omitted]). Here, the evidence clearly established that the father's living circumstances were such that he was a not the proper person to be appointed J.C.'s guardian. Moreover, given the parents' extensive history in Family Court relative to J.C., including visitation and custody battles, the court's conclusion that an outside third party was warranted was a provident exercise of its discretion.
We conclude, however, that the court should not have directed petitioner to "compensate the attorney for [J.C.] through 18-b." Pursuant to Mental Hygiene Law § 81.10(f), the court shall determine reasonable compensation for any appointed attorney. If the petition is dismissed, the court may in its discretion direct the petitioner to pay the compensation for the attorney for the person alleged to be incapacitated. The purpose of the fee shifting statute is to "caution[] those who would bring a frivolous petition, or one motivated by avarice, that they might very well have to bear the financial burden of the proceeding" (Matter of Lyles, 250 AD2d 488, 489 [1st Dept 1998]).
As the father's petition was neither dismissed nor entirely denied, there is no basis for imposition of J.C.'s counsel fees on the father, and the final order should be modified to strike that portion.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024