Matter of Karl R. v Julianne M. R. (2024 NY Slip Op 05501)

Matter of Karl R. v Julianne M. R.

2024 NY Slip Op 05501

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Docket No. V-13342/17 V-13086/17 Appeal No. 2777 Case No. 2023-01249 

[*1]In the Matter of Karl R., Petitioner-Respondent,
v
Julianne M. R. Respondent-Appellant. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
The Wallack Firm, P.C., New York (Robert Wallack of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 5, 2022, which awarded custody of the subject child to petitioner father, dismissed respondent mother's cross-petition for custody, and ordered continuation of visitation "as is," unanimously modified, on the law, and the matter remanded for further proceedings in accordance with the decision herein, and otherwise affirmed, without costs.
Family Court properly awarded custody to the father. Initially, we recognize that Family Court failed to "determine whether the mother had established by a preponderance of the evidence that the father had committed acts of domestic violence against her and, if she met this burden, the effect of such domestic violence upon the best interests of the child" (Matter of Michael R. v Pamela G., 184 AD3d 507, 508 [1st Dept 2020] [internal quotation marks omitted]; see Domestic Relations Law § 240[1][a]). Although we have held that the proper procedure in such a case is to remand to the Family Court to make this determination (see Matter of Michael R., 184 AD3d at 508), this Court also has the authority to review the record and make its own credibility assessment of domestic violence allegations (see Matter of Cassissa v Solares, 176 AD3d 697 [2d Dept 2019]). Here, we exercise our power to review the record and make this determination as the Family Court judge that presided over the hearing below has retired. Upon our review of the record, we find that the mother failed to prove that the father committed domestic violence by a preponderance of the evidence. Under the circumstances, we find that there is a sound and substantial basis in the record for the court's determination that awarding custody to the father was in the child's best interests, and we decline to disturb its custody award (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).
However, the court's directive that visitation continue "as is" lacked specificity, as it did not address certain considerations such as vacation times, and access to medical and educational information. As a result, the case should be remanded to Family Court for a more specific visitation and access schedule (see Matter of Kimberly J. v Benjamin
G., 227 AD3d 471, 472 [1st Dept 2024]). At that time, the court should also address the issue of costs associated with visitation.
We find the mother's remaining arguments to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024